UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TRAMAINE BENJAMIN COOLEY,

    Defendant.
_____/

Case No. 1:09-cr-331

HON. JANET T. NEFF

## OPINION

This matter is before the Court on Defendant Tramaine Benjamin Cooley's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him (ECF No. 149). In response, the government filed a Motion to Dismiss Defendant's 28 U.S.C. § 2255 motion (ECF No. 151). For the reasons that follow, the Court determines that the government's motion is properly granted and Defendant's § 2255 motion is properly dismissed.

### I. BACKGROUND

Defendant was charged in a four-count Second Superseding Indictment (ECF No. 60). On August 6, 2010, he pleaded guilty to Counts 2 (Armed Bank Robbery) and 3 (Brandishing a Firearm During a Robbery). This Court sentenced Defendant on December 14, 2010 to 57 months' imprisonment on Count 2 and 84 months' imprisonment on Count 3 (ECF No. 135, Judgment). Defendant did not appeal his convictions or sentences.

More than six years later, on May 4, 2017, Defendant filed the § 2255 motion at bar (ECF No. 149), asserting that he is "entitled to a resentencing following the Supreme Court's decision in *Dean v. United States*, 581 U.S. ___ (2017)" (*id.* at PageID.639). On July 17, 2017, the

government filed a motion to dismiss Defendant's § 2255 motion as time-barred (ECF No. 172). Defendant filed a reply to the response (ECF No. 152).

## II.     ANALYSIS

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

A 1-year limitations period applies to § 2255 motions. 28 U.S.C. § 2255(f). Section 2255(f) provides, in pertinent part, that the one-year limitations period shall run from the latest of—

(1)     the date on which the judgment of conviction becomes final;

* * *

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Turning first to application of § 2255(f)(1), as a general matter, convictions become "final" upon conclusion of direct review. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). "[W]hen a federal criminal defendant does not appeal to the court of appeals, the

2

judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Id.* Here, the Judgment of Sentence was entered on December 14, 2010 and became final fourteen days later, on December 28, 2010. *See* FED. R. APP. P. 4(b)(1)(a) (providing for a 14-day period in which to file an appeal in a criminal case). Defendant did not file his § 2255 motion until May 4, 2017, several years after the one-year limitations period expired.

The Court turns next to whether a later filing is permitted under application of § 2255(f)(3). Defendant relies on the April 3, 2017 issuance of the Supreme Court's opinion in *Dean v. United States*, ___ U.S. ___; 137 S. Ct. 1170 (2017). Application of § 2255(f)(3) depends on whether any newly recognized right is "retroactively applicable to cases on collateral review." Pointing out that the Sixth Circuit Court of Appeals has not addressed the retroactivity of *Dean,* Defendant opines that this Court should make its own retroactivity determination and decide that he is entitled to resentencing under *Dean* (ECF No. at PageID.659-660).

However, as another district court in this circuit has held, "there is nothing in the Supreme Court's opinion in *Dean* to suggest that the holding is to be applied retroactively to cases on collateral review." *Simmons v. Terris*, No. 17-cv-11771, 2017 WL 3017536, at *2 (E.D. Mich. July 17, 2017). *See also In re Dockery*, No. 17-50367, 2017 WL 3080914, at *1 (5th Cir. July 20, 2017) (denying certification because the defendant had not "made a prima facie showing that *Dean* announced a new rule of constitutional law that was made retroactive to cases on collateral review"); *Hall v. United States*, No. 17-C-3892, 2017 WL 3235438, at *3 (N.D. Ill. July 31, 2017) ("The *Dean* Court made no mention of applying its holding retroactively to cases on collateral review, and the United States Court of Appeals for the Seventh Circuit has yet to address whether courts should apply *Dean* as such."); *United States v. Adams*, No. 7:06-cr-22-1, 2017 WL 2829704,

at *2 (W.D. Va. June 29, 2017) (dismissing § 2255 motion as untimely filed because *Dean* does not apply retroactively to § 2255 proceedings under the criteria discussed in *Teague v. Lane*, 489 U.S. 288, 311-16 (1989)). In short, Defendant has not demonstrated that *Dean* triggers the longer limitations period in § 2255(f)(3).

Moreover, the Supreme Court held in *Dean* that "[n]othing" in the statute setting mandatory minimum sentences for using or possessing a firearm in connection with a violent crime restricts the authority of sentencing courts to consider a sentence imposed under the mandatory minimum statute when calculating a just sentence for the predicate count. 137 S. Ct. at 1176-77. As the Sixth Circuit has since observed, "[t]he Supreme Court did not hold that district courts are *required* to factor in § 924(c) mandatory minimums when calculating an appropriate sentence for the predicate offenses." *United States v. Johnson*, No. 16-2063, 2017 WL 3263744, at *12 (6th Cir. Aug. 1, 2017) (emphasis in original).

Last, Defendant does not assert, let alone demonstrate, that he is entitled to equitable tolling of the limitations period. *See generally Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012).

Having decided that the files and records in this case conclusively show that Defendant is not entitled to relief under 28 U.S.C. § 2255, no evidentiary hearing is required to resolve the merits of the pending motion. *See* 28 U.S.C. § 2255(b); RULES GOVERNING § 2255 PROCEEDINGS, Rule 8.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(B), the Court must further determine whether to grant a certificate of appealability as to the issues Defendant raises. *See* RULES GOVERNING § 2255 PROCEEDINGS, Rule 11 (requiring the district court to "issue or deny a certificate of appealability

when it enters a final order"). The Court must review the issues individually. *See Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

The Court rejected Defendant's re-sentencing claim on procedural grounds. In this regard, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Upon review, the Court determines that reasonable jurists would not find it debatable whether Defendant's re-sentencing claim should be denied on the ground that it is time-barred. As such, a certificate of appealability will be denied on this basis.

## IV. CONCLUSION

For the foregoing reasons, the government's Motion to Dismiss (ECF No. 151) is properly granted, and Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 149) is dismissed with prejudice. An Order of Dismissal consistent with this Opinion will enter. The Court will also issue a Judgment in this § 2255 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Dated: September 12, 2017 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge